THE STATE OF OHIO, APPELLEE, *v.* GREEN, APPELLANT.

(No. C-800529—Decided May 20, 1981.)

Mr. *Simon L. Leis, Jr.,* prosecuting attorney, and Mr. *Charles Bartlett,* for appellee.

Mr. *Robert R. Hastings, Jr.,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The defendant-appellant, Yvette Green, was charged on April 8, 1980, with petty theft in violation of R.C. 2913.02 in an indictment which also alleged that the appellant had previously been convicted of a theft offense, a fact which elevated the charge from a misdemeanor to a fourth-degree felony. Following a trial to the court, the appellant was found guilty and, after a pre-sentence investigation, was sentenced to serve from two to five years in the Women's Reformatory. From this conviction and sentence, appellant filed this timely appeal, asserting in a single assignment of error that R.C. 2913.02 is unconstitutional as applied to her in that it violates the Eighth and Fourteenth Amendments to the United States Constitution. We disagree and affirm the judgment of the trial court.

R.C. 2913.02(B) provided (see 134 Ohio Laws, Part II, 1926-1927), in relevant part, that:

"Whoever violates this section [R.C. 2913.02] is guilty of theft. If the value of the property or services stolen is less than one hundred fifty dollars, violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property or services stolen is one hundred fifty dollars or more, * * * or *if the offender has previously been convicted of a theft offense, then violation of this section is grand theft, a felony of the fourth degree.*" (Emphasis added.)

Appellant contends, in the first instance, that this statute, by making proof of a prior theft conviction an element of the current offense, operated to deny her a fair trial since the state was under a duty and, in fact, did produce at trial evidence of the prior theft, thus prejudicing her case on the present charge. This procedure, argues the appellant, so taints the proceeding that the trier of fact cannot in all fairness sift those facts competent for consideration of the present charge from those concerning the past record of the accused, citing as authority *Jackson* v. *Denno* (1964), 378 U.S. 368 [28 O.O.2d 177]. In *Jackson,* the Supreme Court held unconstitutional a procedure which required the court to make the initial determination concerning the voluntariness of a confession, as a matter of law, but let the jury determine, if necessary, whether the confession was voluntary as a matter of fact. *Id.,* at page 377.

However, the Supreme Court, in *Spencer* v. *Texas* (1967), 385 U.S. 554, 564-565 [40 O.O.2d 438], rejected the notion that the *Jackson* rationale may be applied to secure, under the Due Process Clause, the relief urged by the appellant herein:

"* * * It would be extravagant in the extreme to take *Jackson* as evincing a general distrust on the part of this Court of the ability of juries to approach their task responsibly and to sort out discrete issues given to them under proper instructions by the judge in a criminal case * * *." *Id.,* at page 565.

Presented with a statutory proceeding markedly similar to that presented here, the *Spencer* court held that the Due Process Clause did not prevent a state from enacting such a scheme for dealing with habitual offenders or from admitting evidence during the trial tending to prove the elements required under the statute. *Id.,* at pages 565-566. See, also, *State* v. *Gordon* (1971), 28 Ohio St. 2d 45 [57 O.O.2d 180]. This reasoning applies with greater force where, as here, the cause was tried to the court without a jury. As such, appellant's contention that R.C. 2913.02(B) is unconstitutional as applied to her is without merit.

Appellant also contends that her sentence under R.C. 2913.02(B) was unconstitutional under the Eighth Amendment's proscription against cruel and unusual punishment. Specifically, ap-

pellant asserts that it is contrary to the Eighth Amendment to permit the state to punish as a felony conduct which, taken alone, amounts only to a misdemeanor. However, the United States Supreme Court has recently resolved the issue thus presented adversely to the appellant. In *Rummel* v. *Estelle* (1980), 445 U.S. 263, the court upheld a Texas recidivist statute which required the imposition of a life sentence for a conviction of a third felony where the accused had previously been convicted of two felonies. Speaking generally of the theory underlying recidivist statutes, the *Rummel* court noted:

"* * * Its primary goals are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation and its duration are based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time * * *." *Id.,* at page 284.

Thus, the sentence imposed by the trial court may not be isolated as punishment for the single offense charged but, rather, must be viewed as consistent with a legislative desire to isolate from society those repeat offenders who have demonstrated an inability to eschew antisocial behavior. *Rummel* v. *Estelle, supra.* See, also, *Cincinnati* v. *McKinney* (1955), 101 Ohio App. 511 [1 O.O.2d 434]. Appellant's assertion that R.C. 2913.02(B) is unconstitutional as applied under the Eighth Amendment is without merit.

The judgment appealed from is accordingly affirmed.

*Judgment affirmed.*

SHANNON, P.J., PALMER and KLUSMEIER, JJ., concur.