THE STATE OF OHIO, APPELLEE, *v.*
DUNKINS, APPELLANT.

(No. 10938—Decided June 8, 1983.)

*Mr. Lynn Slaby,* prosecuting attorney, for appellee.

*Ms. Patricia A. Vance,* for appellant.

GEORGE, J. The defendant-appellant, Ulysses Dunkins, Jr., appeals from his convictions of aggravated burglary, carrying a concealed weapon, and having a weapon while under disability. This court affirms.

On June 1, 1982, the defendant was seen leaving a dwelling located at 82 Buchtel Avenue. He was apprehended and searched. A gun was found on the ground by the defendant's foot. He was arrested and charged with aggravated burglary and carrying a concealed weapon. Later, he was charged with having a weapon while under disability. A jury found him guilty on all charges.

Assignment of Error 1

"The trial court's failure to order a separate trial on Count 3, weapon under disability, denied appellant his Fifth Amendment rights and seriously prejudiced his right to a fair trial. (Transcript, Volume II, Page 10.)"

Crim. R. 8(A) governs the joinder of offenses. It permits joinder where the offenses are based on the same act or transaction. The law favors joinder for public policy reasons, such as: to conserve judicial economy and prosecutorial time; to conserve public funds by avoiding duplication inherent in multiple trials; to diminish the inconvenience to public authorities and witnesses; to promptly bring to trial those accused of a crime; and to minimize the possibility of incongruous results that can occur in successive trials before different juries.

In this case, the three charges were joined in a single indictment and were to be tried together. In order to obtain a severance, the defendant had to dem-

onstrate that the joinder was prejudicial under Crim. R. 14:

"If it appears that a defendant * * * is prejudiced by a joinder of offenses * * * in an indictment, information, or complaint, * * * the court shall order an election or separate trial of counts, * * * or provide such other relief as justice requires. * * *"

Error as a result of a joinder of offenses requires the defendant to show (1) that his rights were prejudiced, (2) that he furnished sufficient information to the trial court upon which it could weigh his right to a fair trial against the considerations of joinder, and (3) that the trial court abused its discretion in refusing to separate the offenses for trial. *State* v. *Torres* (1981), 66 Ohio St. 2d 340 [20 O.O.3d 313].

The defendant's request for severance was timely. Upon hearing, he argued that the charge of having a weapon while under disability should be separated from the other charges. The defendant contended that joinder would permit the state to bring in evidence of the defendant's prior conviction of armed robbery. If the charge of having a weapon while under disability was severed from the other charges, the state would not be able to introduce the defendant's prior conviction in a trial on the remaining charges because, under such circumstances, it would be considered prejudicial.

The trial court denied the motion for severance. The defendant relies on *Drew* v. *United States* (C.A. D.C. 1964), 331 F. 2d 85, to argue that the trial court abused its discretion in overruling his motion to sever.

In the instant case, this court finds that the joinder of offenses for trial was valid. First, *Drew* sets forth two possible tests for determining the validity of joinder. Satisfying either test would permit a finding that joinder was proper. The instant case satisfies *Drew*'s simple and distinct test.

The evidence of the defendant's prior conviction, admitted as a result of the joinder of the weapon while under disability offense, was simple and distinct. To prove this charge, one witness testified that the defendant had a prior conviction for armed robbery. There was no elaboration as to the details of the prior conviction. The fear of the jury's confusion and misuse of this evidence is not warranted as it was in *Drew*.

Second, the three counts joined arose from the same transaction. The policy consideration of promoting judicial economy by avoiding duplication is more compelling where all the charges are based on the same set of facts. The granting of a severance would require the state to present the same evidence at a second trial.

Additionally, the jury was instructed as to the use of the evidence, diminishing the possibility of misuse. The trial court instructed:

"Now you are to consider each of the counts of the indictment separately. The charges set forth in each count constitute a separate and distinct matter. You must consider each count and the evidence applicable to each count separately. And you must state your finding as to each count uninfluenced by your verdict as to any other count."

It is presumed that a jury will obey the trial court's instructions. 5 Ohio Jurisprudence 3d 141, Appellate Review, Section 576. The evidence of the weapon while under disability charge was presented in such a manner that the separation and application of this evidence for an improper use is not supported by the record. Therefore, this court must presume that the jury followed these instructions.

Finally, the prejudice to defendant from the evidence of the prior conviction was no greater than if he had been given a separate trial on the weapon while under disability charge. Defendant's prior conviction was one element of that crime. Repeat offender statutes, which make

proof of prior convictions a necessary element of the crime, have been found to be constitutional. *State* v. *Green* (1981), 2 Ohio App. 3d 38. The Due Process Clause of the Fourteenth Amendment is not violated when jury instructions limit the use of this evidence, so that it is not used in passing upon the accused's guilt. *Spencer* v. *Texas* (1967), 385 U.S. 554. The prejudicial effect from this evidence in a separate trial is in no way magnified in a joint trial.

The Seventh Circuit Court of Appeals considered this problem in *United States* v. *Aleman* (C.A. 7, 1979), 609 F. 2d 298. That case concerned a joint trial in which two defendants, Aleman and Foresta, were convicted of racketeering and transportation of stolen goods in interstate commerce. Additionally, Foresta was charged and convicted of transportation of a firearm in interstate commerce because he had a previous felony conviction. To prove this charge required the admission of evidence concerning Foresta's prior felony conviction of robbery by assault. The defendants' motion to sever this last charge from the others due to its prejudicial effect was denied by the trial court.

On appeal, the court affirmed the trial court's decision, stating:

"* * * Foresta's prior felony conviction thus became necessarily an element of the government's proof. * * * In the present case the prior conviction is an element of the crime. Its admission was not a matter of the trial court's discretion. No details about Foresta's prior robbery by assault were explored. Also, no reference was made during trial before the jury that Foresta's prior conviction of robbery was in fact 'robbery by assault.' The jury was instructed to give separate consideration to each defendant and to each count. * * *" *United States* v. *Aleman, supra,* at 310.

This court agrees with the decision of the *Aleman* court. Thus, the trial court did not abuse its discretion in refusing to sever the charges for trial.

Finally, defendant argues that the state brought the weapon under disability charge for the sole purpose of bringing in his prior armed robbery conviction. The record on appeal does not support this argument. Thus, the first assignment of error is overruled.

Assignment of Error 2

"The trial court erred in failing to dismiss the charges against appellant for the reason that he was not brought to trial wihin 90 days as required by Ohio Revised Code 2945.71. (Transcript, Volume II, Page 8.)"

The defendant was arrested on June 1, 1982. A parole holder, based on his failure to comply with the terms of his parole, was issued June 2, 1982. Due to the parole holder, he was continuously incarcerated for one hundred fifty-six days before his trial commenced on November 3, 1982.

Ohio's speedy trial statute, R.C. 2945.71, reads in part:

"(C) A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"* * *

"(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *"

The defendant argues that the triple-count provision should be applicable. Therefore, the felony charges should be dismissed pursuant to R.C. 2945.73 because he was not brought to trial within ninety days of the date of his arrest.

The triple-count provision of the speedy trial statute applies to an accused being held in jail solely on the pending

criminal charges. A parole violation is a separate offense.

"* * * The probation violation holder was imposed upon appellee because he had apparently violated the terms of his probation. The adjudication of this probation violation was a separate cause with another judge and a different scope of inquiry. Revocation turned upon the finding that appellee had violated a condition of his probation. The violation of any condition of appellee's probation could have resulted in the issuance of the probation violation holder and his incarceration. * * *" *State* v. *Martin* (1978), 56 Ohio St. 2d 207, 210 [10 O.O.3d 369].

Thus, the triple-count provision of R.C. 2945.71(E) is inapplicable to a defendant held in jail under a parole holder, even when there are additional criminal charges pending. *State* v. *Martin, supra*; and *State* v. *Seals* (Feb. 18, 1981), Summit App. Nos. 9925 and 9931, unreported. Since the defendant was brought to trial within two hundred seventy days of his arrest, his right to a speedy trial was not violated. Therefore, the second assignment of error is overruled.

### Assignment of Error 3

"The trial court erred in overruling appellant's motions for judgment of acquittal as to each charge. (Transcript, Volume I, Page 9; Transcript, Volume II, Page[s] 90, 91, 92.)"

Crim. R. 29 reads in pertinent part:

"(A) Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

Defendant contends that the trial court erred in denying his Crim. R. 29(A) motion for acquittal. The defendant is not entitled to a judgment of acquittal if "* * * reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt." *State* v. *Bridgeman* (1978), 55 Ohio St. 2d 261 [9 O.O.3d 401].

The defendant was indicted for aggravated burglary, carrying a concealed weapon, and having a weapon while under disability. The evidence at trial shows that on June 1, 1982, two police officers responded to a call of a burglary in progress at 82 Buchtel Avenue. Upon arriving at the residence, one officer stationed himself at the front of the house while the other officer went around to the back. The defendant was first seen peering out from behind the back door. When he left the house he was confronted by one of the officers. Defendant at first ignored the officer's warnings to halt. He walked towards the officer while making hand motions in the area of his stomach. Defendant was stopped when the second officer appeared from behind him. At that point, defendant was handcuffed and taken to the front of the residence. It was observed that defendant had a fresh cut on his hand. One officer then conducted a patdown search of defendant's person. The noise of an object striking the ground was heard by the officer. He looked down and found a gun lying near defendant's foot.

A search of the residence revealed a broken window next to the back door. There was broken glass inside, indicating that the window had been broken from the outside. The officers also observed furniture by the door, a vacuum cleaner in the hallway, and a bed with covers in one of the bedrooms. Additionally, one officer testified that he had previously recalled seeing an individual named Paul Brown at this residence. Further, a parole officer testified that defendant had a prior felony conviction.

Considering the state's evidence, this court finds that there was sufficient

evidence whereby reasonable minds could infer that the defendant, while concealing a deadly weapon, by force trespassed in an occupied structure with the purpose of committing a theft. Additionally, the jury could find that the defendant had a prior felony conviction. Thus, the trial court did not err when it denied defendant's motions for acquittal. The third assignment of error is overruled.

### Assignment of Error 4

"The trial court erred in overruling appellant's motion to suppress from use as evidence a .38 caliber gun, a cartridge, and a spent cartridge casing."

The trial court is permitted broad discretion in admitting evidence at trial. Its decision will not be reversed on appeal unless the trial court clearly abused its discretion to the material prejudice of the defendant. *State* v. *Hymore* (1967), 9 Ohio St. 2d 122, 128 [38 O.O.2d 298].

The record reveals that the gun was found on the ground next to the defendant after a pat-down search. One .38 caliber shell was found in the gun. The other shell was found in the back seat of the police car where defendant had been placed after his arrest. Considering the circumstances in which this evidence was found and its relevance to the charges against defendant, this court finds that the trial court did not abuse its discretion by admitting this evidence. Therefore, the fourth assignment of error is overruled and the defendant's convictions are affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and MAHONEY, J., concur.