JOURNAL ENTRY AND OPINION
Appellant State of Ohio appeals the trial court's decision granting appellee William Kustron's motion to dismiss the indictment against him on speedy trial grounds. The State of Ohio assigns one error for our review.
 THE TRIAL COURT ERRED IN DISMISSING THIS CASE ON SPEEDY TRIAL GROUNDS.
After reviewing the record and the arguments of the parties, we reverse and remand the decision of the trial court. The apposite facts follow.
On May 15, 1999, William Kustron was arrested after crashing his car during a high-speed chase that began when police attempted to execute a traffic stop of Kustron's car. On May 20, 1999, Kustron was charged in Garfield Heights Municipal Court with failure to comply with the order or signal of a police officer, driving under the influence, driving with an expired license, no rear license plate illumination, and resisting arrest. On June 29, 1999, Kustron was indicted in Cuyahoga County Common Pleas Court for failure to comply with the order or signal of a police officer (R.C. 2921.331). On July 16, 1999, a pretrial hearing was held in the case. At the request of the defense, the pretrial was continued until July 19, 1999 because more discovery was needed. Another pretrial was held on July 19, 1999. The defense again requested a continuance to conduct more discovery. The pretrial was continued until August 5, 1999. A pretrial was held on August 5, 1999 at which time trial was set for September 28, 1999.
On the day of trial, Kustron orally moved to dismiss the indictment for lack of a speedy trial. He argued that Kustron, who was arrested on May 13, 1999, had already been in jail for one hundred thirty-eight days.[1]
The trial court stated its belief that Kustron was under a post-release control holder imposed by the Adult Parole Authority. The state argued that, during a conference with the trial court, a representative of the Adult Parole Authority, Robert Cox, stated that a post-release control holder had been placed on Kustron in Athens County. However, Kustron argued that no paperwork existed in the file documenting a post-release control holder. When Kustron refused to stipulate the existence of the holder, the court continued the case until the following day in order to allow the state an opportunity to produce proper proof of the post-release control holder.
On September 29, 1999, the state produced testimony from Tavette Mynatt, assistant superintendent of records of the Cuyahoga County Sheriff's Department. Mynatt testified that a post-release control holder was issued on May 25, 1999 on Kustron from Athens County in Case No. 97 CR 000157. In that case, Kustron was charged with driving under the influence his fourth such offense in six years which is a fourth degree felony under R.C. 4511.99(A)(4)(a). In addition to Mynatt's testimony, the state presented a copy of the post-release control holder as well as fax documents from Robert Cox of APA that pertained to the Athens County case against Kustron. Those documents included a pre-sentence report, a certified copy of the indictment against Kustron for driving under the influence, a certified copy of a judgment of conviction and the sentence of five years of community control, and a later entry sentencing Kustron to prison for a community control sanction violation.
Kustron argued that because the indictment charged him as a first felony offender, he could not be sentenced to prison under R.C.2929.13(G)(1). Kustron argued that his prison sentence for violating community control sanctions was void ab initio and, therefore, could not form the basis for a valid holder. The State countered that the Cuyahoga County Court of Common Pleas had no authority to attack the basis of a decision from the Athens County Court of Common Pleas. The State argued that the court should presume regularity and assume that the records provided from the Athens County Court and its decisions are legitimate. The State argued that any procedural or jurisdictional defects in the Athens County judgment must be brought up before that Court.
After hearing argument on the issue, the trial court granted Kustron's motion to dismiss, finding that the post-release control holder was not a valid holder because the Athens County Court was without authority to impose a prison sentence upon Kustron for violating post-release control because he was a first felony offender.
 [W]here 2929.15(B) talks about limiting the power of enforcing a community control sanction to a sentence that could have been imposed for the original offense, it seemed like the General Assembly, whether they intended to or not, limited fourth degree felony OMVI offenses that are sentenced for the first time, limited it to local sanctions. And since 2929.15(B) limits the community control sanction to what could have originally been imposed, could have been imposed for the original sentence, I don't think you can go beyond a year.
(Tr. 62.)
The trial court held that since the holder was invalid, it did not operate to toll the running of the speedy trial time period. The court further held that, because Kustron was held in jail for more than 90 days, his speedy trial rights were violated. This appeal followed.
In its sole assignment of error, the State argued that the trial court erred in dismissing the indictment on speedy trial grounds. Under R.C.2945.71(C)(2), a person charged with a felony shall be brought to trial within two hundred seventy days after his arrest. Under R.C. 2945.71(E), each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.
In this case, the record reveals that Kustron was arrested on May 15, 1999. His trial was set to begin on September 28, 1999, one-hundred thirty six (136) days later. The docket reflects that the trial court issued two continuances totaling twenty days at the request of the defense. Under R.C. 2945.72(H), those days are charged against the defense. Consequently, only one-hundred sixteen (116) days may be counted against the state.
The State argued below that the triple-count provision of R.C. 2945.71(E) does not apply to a defendant who is held in jail under a parole holder even when there are additional criminal charges pending. State v. Brown (1992), 64 Ohio St.3d 476, 479, 597 N.E.2d 97, 99, citing State v. Dunkins (1983), 10 Ohio App.3d 72, 74-75, 460 N.E.2d 688, 692. See, also, State v. Martin (1978), 56 Ohio St.2d 207, 211, 383 N.E.2d 585,587. Accordingly, the State argues, they had two-hundred seventy days to bring Kustron to trial.
A resolution of this issue turns upon the validity of the parole holder. If the holder is valid, then the triple-count provision does not apply and Kustron's trial was timely commenced. If the holder is invalid, then the one-hundred sixteen (116) day delay in commencing his trial violated Kustron's speedy trial rights.
The evidence revealed that, on April 29, 1998, Kustron was sentenced in Athens County Common Pleas Court for driving under the influence a fourth degree felony. The trial court's judgment entry read, in relevant part, as follows:
 The Court hereby sentences the defendant to serve a term of one year in prison, to-wit:
Correctional Reception Center, Orient, Ohio.
 The Court ordered that the defendant's sentence for incarceration be and hereby is suspended. For reasons stated on the record, and after consideration of the factors under R.C. 2929.12, the Court also finds that a community control sanction is consistent with the purposes of R.C. 2929.11. It is therefore ordered that the defendant be sentenced to up to five years of community control subject to the general supervision and control of the Adult Parole Authority under any terms and conditions that they deem appropriate, and shall abide and faithfully follow all the maximum general conditions of probation as journalized on October 24, 1996, by the Athens County Probation Department. * * * Violation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of up to one year. * * * The defendant is further notified that if a prison term is imposed for violation of community control, the Parole Board may extend prison time up to one half of the stated term in 15, 30, 60 or 90 day increments for crimes committed while in prison. After prison release, if post-release control is imposed, for violating post-release control conditions, the Adult Parole Authority or Parole Board could impose a more restrictive or longer control sanction, or return defendant to prison for up to nine months for each violation, up to a maximum of one half of the stated term. If the violation is a new felony, the defendant may receive a prison term of the greater of one year or the time remaining on post-release control, in addition to any other prison term imposed for the new offense. * * * The defendant is ordered to serve as part of this sentence any term of post-release control imposed by the Parole Board, and any prison term for violation of that post-release control.
(Judgment entry of May 4, 1998.)
Kustron was later determined to have violated community control and was sentenced to one-year in prison on September 4, 1998. Although the entry is not included in the record before us, Kustron was apparently released on post-release control which was still in effect at the time of his arrest in this case. As a result of Kustron's arrest, a post-release control holder was issued in Athens County.
In determining that the post-release control holder was invalid, the trial court examined several statutes.
R.C. 2929.14 provides:
 Except as provided in division (C), (D)(2), (D)(3), (D)(4), or (G) of this section and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter and is not prohibited by division (G)(1) of section 2929.13 of the Revised Code from imposing a prison term on the offender, the court shall impose a definite prison term that shall be one of the following: * * * (4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.
R.C. 4511.99(A)(4)(a) provides:
 If, within six years of the [DUI] offense, the offender has been convicted of or pleaded guilty to three or more violations of division (A) or (B) of section 4511.19 of the Revised Code * * *, or if the offender previously has been convicted of or pleaded guilty to a violation of division (A) of section 4511.19 of the Revised Code under circumstances in which the violation was a felony and regardless of when the violation and the conviction or guilty plea occurred, the offender is guilty of a felony of the fourth degree. The court shall sentence the offender in accordance with sections 2929.11 to 2929.19 of the Revised Code and shall impose as part of the sentence a mandatory term of local incarceration of sixty consecutive days of imprisonment in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days of imprisonment in accordance with division (G)(2) of that section, whichever is applicable.
R.C. 2929.13(G)(1) provides:
 [I]f an offender is being sentenced for a fourth degree felony OMVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:
 (1) Except as provided in division (G)(2) of this section, the court shall impose upon the offender a mandatory term of local incarceration of sixty days * * *. The court that imposes a mandatory term of local incarceration under this division shall specify whether the term is to be served in jail, a community-based correctional facility, a halfway house, or an alternative residential facility, and the offender shall serve the term in the type of facility specified by the court. The court shall not sentence the offender to a prison term and shall not specify that the offender is to serve the mandatory term of local incarceration in prison. A mandatory term of local incarceration imposed under division (G)(1) of this section is not subject to extension under section 2967.11 of the Revised Code, to a period of post-release control * * * or to any other Revised Code provision that pertains to a prison term.
R.C. 2929.15(B) outlines the available penalties for violation of community control sanctions:
 If the conditions of a community control sanction or the mandatory condition imposed under division (C)(1)(b) of section 2951.02 of the Revised Code is violated, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction * * * or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. * * * The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code.
(Emphasis added.)
In this case, because Kustron was a first felony offender, the trial court could not sentence him to prison. See R.C. 2929.13(G)(1); State v. Campbell (July 21, 2000). Miami App. No. 99 CA 33, unreported. In this case, the trial court imposed a one-year prison term upon Kustron, suspended the sentence and placed Kustron on community control. Once he violated community control, the trial court could not impose any sentence greater than that available at the time of the underlying judgment. R.C.2929.15(B). Therefore, the trial court had no authority to sentence Kustron to prison following the community control violation. After Kustron was released on post-release control after serving prison time for the community control violation, he was arrested in the case before us. Thereafter, The Adult Parole Authority placed a post-release control holder on him for arguably violating the conditions of his post-release control. We agree with the trial court that the one-year sentence previously imposed on Kustron for violating community control was invalid. In Campbell, the court vacated an eighteen-month sentence imposed upon a first felony DUI offender who violated community control sanctions.
 R.C. 2929.13(G)(1) clearly prohibits the imposition of a prison sentence for a first time felony DUI offense. Thus, the trial court erred in sentencing Campbell to a prison term rather than to incarceration in "a jail, a community-based correctional facility, a halfway house, or an alternative residential facility" on his first felony offense. The fact that the trial court imposed this sentence after Campbell had violated a community control sanction did not change this fact. R.C. 2929.15(B) specifies that, if the conditions of a community control sanction are violated, the trial court may impose a prison term pursuant to R.C. 2929.14. R.C. 2929.14(A) establishes the possible sentences for a fourth degree felony but recognizes that a sentence prohibited by R.C. 2929.13(G)(1) may not be imposed. R.C. 2929.15(B) further provides that a prison term imposed due to an offender's violation of community control sanctions "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed." Because no prison sentence could have been imposed for a first time felony DUI offense, the trial court's sentence was not "within the range of prison terms available" for the offense upon which the community control sanctions had been based.
Campbell. See, also, State v. Combs (July 18, 2000), Scioto App. Nos. 00 CA 2692, 99 CA 2679, unreported; State v. Johnson (July 10, 2000), Coshocton App. No. 00CA002, unreported.
The State argues that, even if the Athens County Court's sentence was invalid, the Cuyahoga County Common Pleas Court had no jurisdiction to interfere with the Athens County Court order. However, the issue before us is not the validity of the Athens County Court's order, but the validity of the post-release control holder placed on Kustron.
OAC 5120:1-1-31(A) provides:
 The department of rehabilitation and correction shall have the authority to file a detainer against an offender or otherwise cause the arrest of an offender by the issuance of a detainer whenever there is reasonable cause to believe that such offender has violated or is about to violate any of the terms or conditions of his supervision or sanction and commits an overt act toward such violation.")
In this case, Kustron was on post-release control at the time of his arrest in the instant case. As of May 25, 1999, the date the parole holder was issued, Kustron had been arrested and charged with fleeing and eluding, driving under the influence, driving with an expired license, no rear license plate illumination, and resisting arrest. Under the circumstances, APA had reasonable cause to believe that Kustron's arrest violated the conditions of his post-release control. Consequently, the post-release control holder was properly issued and should have been applied to toll the statutory speedy trial time period in this case.
The state's assignment of error is well taken. Accordingly, the decision of the trial court is reversed and remanded for further proceedings.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
TERRENCE O'DONNELL, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ______________________________ PATRICIA ANN BLACKMON, JUDGE
[1] The record indicates that Kustron was arrested on May 15, 1999. As of September 28, 1999, he had been in jail for 136 days.