[Cite as *State v. Kitzmiller*, 2018-Ohio-3769.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SHANE A. KITZMILLER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 17 CO 0018

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. No. 2016-CR-245

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Robert Herron*, Columbiana County Prosecutor and
*Atty. Ryan P. Weikart*, Assistant Prosecuting Attorney, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee

*Atty. Timothy Young*, Ohio Public Defender and
*Atty. Stephen P. Hardwick*, Assistant State Public Defender, Office of the Ohio Public Defender, 250 E. Broad Street, Suite 1400, Columbus, Ohio 43215, for Defendant-Appellant.

Dated: September 17, 2018

---

**WAITE, J.**

{¶1}   Appellant Shane A. Kitzmiller appeals a May 30, 2017 Columbiana County Common Pleas judgment entry.  Appellant argues that the state violated his speedy trial rights by failing to bring him to trial within 90 days of his arrest in accordance with the "triple count provision."  For the reasons provided, Appellant's argument is without merit and the judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

{¶2}   On July 3, 2016, a 73-year-old woman was putting groceries into her car at Aldi's parking lot in Calcutta, Ohio.  Appellant parked his car next to the woman and got out.  He grabbed her purse and ran back into his car.  The woman chased him, reached into his car window, and took hold of her purse.  Appellant drove away as the victim tried to hold onto the purse, knocking her to the ground.  The victim's checkbook was inside her purse.

{¶3}   Later on the same day, Appellant and his codefendant entered Walmart and used one of the victim's checks to purchase a large screen television set.  Walmart surveillance video showed Appellant and his codefendant purchasing the television set with a check.  The video showed the men attach the box to the roof of Appellant's car.  The video also showed Appellant throw an item into a trashcan, which was later discovered to be the victim's purse.

{¶4}   On July 4, 2016, an Ohio State Highway patrolman pulled over Appellant's car for a broken headlight.  Appellant's codefendant was in the passenger seat.  The patrolman discovered that Appellant was driving with a suspended license and ordered him and his codefendant out of the car.  As Appellant exited the car, a crack pipe fell onto the ground.  The patrolman searched the car and located a second crack pipe, the

victim's checkbook, and a check written out to Walmart. Appellant was arrested and jailed.

**{¶5}** Because Appellant had a criminal conviction in Pennsylvania for which these criminal charges in Ohio constituted a probation violation, on July 5, 2016, the Board of Pennsylvania Probation and Parole issued a warrant and detainer based on Appellant's probation violation. On August 18, 2016, Appellant was indicted in Ohio on one count of robbery, a felony of the second degree in violation of R.C. 2911.02(A)(2), and one count of receiving stolen property, a felony of the fifth degree in violation of R.C. 2913.51(A). On August 25, 2016, the trial court attempted to release Appellant on an own recognizance bond ("OR bond.") This would have allowed Appellant to remain free pending trial or other resolution without posting a monetary amount as bail, but required that he sign a bond form guaranteeing his appearance. Appellant refused to sign the bond. Appellant filed a motion for discharge based on speedy trial grounds on December 8, 2016. The trial court denied the motion.

**{¶6}** A jury convicted Appellant of both counts on May 25, 2017. The trial court sentenced Appellant to eight years of incarceration on the robbery conviction and one year on the receiving stolen property conviction. Although Appellant asserts that the sentences were ordered to run consecutively, the trial court clearly ordered the sentences to run concurrently for an aggregate total of eight years of incarceration. Appellant timely appeals.

## ASSIGNMENT OF ERROR

THE TRIAL COURT VIOLATED MR. KITZMILLER'S RIGHT TO A

SPEEDY TRIAL. R.C. 2945.71(E); MOTION FOR DISCHARGE/SPEEDY

Case No. 17 CO 0018

TRIAL (DEC. 8, 2016); STATE'S MEMORANDUM CONTRA (DEC. 21, 2016).

**{¶7}** The parties agree for speedy trial purposes that Appellant had been jailed 143 days. The sole issue on appeal is whether the triple count provision applies. Pursuant to R.C. 2945.71(C)(2), the state must bring a defendant to trial within 270 days after an arrest. However, if the defendant is held in jail in lieu of bail, each day is counted as three days for speedy trial purposes. R.C. 2945.71(E). This rule is referred to as the triple count provision. The triple count provision applies only to those defendants held in jail in lieu of bail solely on those pending charges. *State v. Christian,* 7th Dist. No. 12 MA 164, 2014-Ohio-2590, ¶ 9, citing *State v. Dunkins,* 10 Ohio App.3d 72, 74-75, 460 N.E.2d 688 (9th Dist.1983).

**{¶8}** Appellant argues that the triple count provision applies because the state failed to prove that he was arrested pursuant to the Pennsylvania warrant. Appellant also argues that the state cannot evade the triple count provision by offering a defendant an OR bond. Thus, Appellant argues that his failure to sign the bond did not constitute a waiver of the triple count provision.

**{¶9}** In response, the state urges that a defendant cannot create a speedy trial issue by refusing to sign an OR bond. The state cites to two cases which held that a defendant's failure to recognize an OR bond waives application of the triple count provision. See *State v. Monroe,* 4th Dist. No. 1243, 1980 WL 351016 (Apr. 18, 1980) and *State v. Long*, 5th Dist. No. CA-619, 1980 WL 354258 (Dec. 12, 1980). The state additionally argues that Appellant was held pursuant to the Pennsylvania warrant and detainer, which is included within the record.

{¶10} Review of a trial court's decision regarding a motion to dismiss based on a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. High,* 143 Ohio App.3d 232, 757 N.E.2d 1176 (7th Dist.2001), citing *State v. McDonald*, 7th Dist. Nos. 97 C.A. 146, 97 C.A. 148, 1999 WL 476253 (June 30, 1999). The trial court's findings of fact are given deference if supported by competent, credible evidence. *Id.* However, a reviewing court must independently review whether the trial court properly applied the law to the facts of the case. *Id.* Further, an appellate court must strictly construe the relevant statutes against the state. *Id.*, citing *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996).

{¶11} Appellant concedes that he was given an OR bond and he refused to sign the bond. Appellant argues that his refusal to accept the OR bond is irrelevant to a determination of whether the triple count provision applies. However, Appellant misconstrues the triple count provision. The time in which a defendant must be brought to trial after an arrest is reduced from 270 days to 90 days only when the defendant is held in jail in lieu of bail.

{¶12} Bail is defined as "security for the appearance of an accused to appear and answer to a specific criminal or quasi-criminal charge in any court or before any magistrate at a specific time or at any time to which a case may be continued, and not depart without leave." R.C. 2937.22. A person may be released from jail without bail: "When from all the circumstances the court is of the opinion that the accused will appear as required, either before or after conviction, the accused may be released on his own recognizance." R.C. 2937.29.

{¶13} Here, Appellant was not held in jail by any security. Instead, the court issued Appellant an OR bond which allowed him to leave detention without requiring a

security interest. Additionally, a person released on an OR bond is not subject to a monetary fine for failure to appear. The punishment for failure to appear is that the defendant may be charged with an additional felony of the fourth degree. See R.C. 2939.19; R.C. 2937.99(B).

{¶14} In *Monroe,* the defendant was given an OR bond which he refused to sign. The *Monroe* Court explained that the purpose of the speedy trial statute is to protect defendants from being jailed for long periods because they cannot afford bail. Because the trial court allowed the defendant to be released on his own recognizance and he refused, the court found that he had waived his right. We agree with this logic. Appellant's refusal to accept an OR bond amounted to a waiver of the triple count provision.

{¶15} The state also argues that Appellant was held by a Pennsylvania warrant and detainer which was issued the day after Appellant's arrest. Appellant responds that he was not arrested in Ohio or extradited pursuant to that warrant. A copy of a Pennsylvania warrant and detainer, which was issued on July 5, 2016, the day after Appellant's arrest, was attached to the state's response to Appellant's motion for discharge. The document sought Appellant's arrest and detainer for his parole violation. The document included a provision signed by Appellant that stated: "I expressly waive extradition to the Commonwealth of Pennsylvania from any jurisdiction in or outside of the United States, where I may be found, and I shall not contest any effort by any jurisdiction to return me to the United States or to the Commonwealth of Pennsylvania[.]" (12/21/16 Memo Contra Defendant's Motion to Discharge/Speedy Trial, Exh. 2.) As Appellant waived extradition to Pennsylvania, his argument in this regard is flawed. While Appellant was clearly not arrested pursuant to the Pennsylvania

warrant and detainer (which was only issued as a result of his Ohio criminal charges) he could have been properly held based on this detainer. Regardless, as we have determined that Appellant's refusal to accept his OR bond amounted to waiver of the triple count provisions, the state was not required to prove that Appellant was being held on the Pennsylvania detainer.

{¶16} As Appellant refused to accept an OR bond, he cannot demonstrate that he was in jail in lieu of bail. The triple count provision does not apply, here. As such, the state was required to bring Appellant to trial within 270 days after his arrest. Appellant concedes that he was brought to trial within 143 days of his arrest after deducting tolled speedy trial time. Accordingly, Appellant's assignment of error is without merit and is overruled.

## Conclusion

{¶17} Appellant argues that the state failed to bring him to trial within 90 days of his arrest in accordance with the triple count provision. Because Appellant refused to sign an OR bond, the triple count provision does not apply. Accordingly, Appellant's argument is without merit and the judgment of the trial court is affirmed.

Robb, P.J., concurs.

Bartlett, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**