OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State of Ohio, Appellant, v. Brown, Appellee.

[Cite as State v. Brown (1992),     Ohio St.3d     .]

Criminal law -- When defendant makes no request to trial court
     to state findings of fact in support of an order
     overruling motion to dismiss on speedy trial grounds and
     trial court does not state its findings of fact, an
     appellate court errs in reversing conviction based on
     denial of a speedy trial.

When a defendant makes no request to the trial court to state
     findings of fact in support of an order overruling a
     motion to dismiss on speedy trial grounds, and the trial
     court does not state its findings of fact, an appellate
     court errs in reversing a conviction on the ground that
     the defendant was denied a speedy trial if there is
     sufficient evidence demonstrating that the trial court's
     decision was legally justified and supported by the record.

     (No. 91-724 -- Submitted April 29, 1992 -- Decided
September 2, 1992.)

     Appeal from the Court of Appeals for Trumbull County, No.
90-T-4362.

     On October 17, 1989, appellant, Paul Leroy Brown, was
charged with receiving stolen property, a violation of R.C.
2913.51.  He was arrested and entered his initial appearance in
the Warren Municipal Court on the next day, October 18. Because
he was unable to post the required bond, Brown was incarcerated.

     The case was bound over to the grand jury following a
preliminary hearing on October 24, 1989.  On November 6, 1989,
a grand jury indictment was issued upon the charge of receiving
stolen property, and Brown entered a plea of not guilty at his
arraignment.

     Brown filed a motion to dismiss the indictment on January
17, 1990, urging application of the "triple-count" provision of
R.C. 2945.71(E), based upon his ninety-one-day incarceration.
The trial court heard oral arguments on this and other motions
at a hearing on January 18.  The state asserted that a parole
holder had been placed on Brown on October 17, 1989 based on
his 1975 murder conviction.  On January 22, 1990, the state
filed a response to the motion to dismiss, asserting the
inapplicability of R.C. 2945.71(E), because of the parole

holder.  Brown did not file a reply memorandum in support of his motion challenging either the existence or validity of the alleged parole holder.  The court overruled Brown's motion, but no judgment entry was entered on the record reflecting the court's ruling.  Additionally, Brown's trial counsel, who did not represent Brown on appeal, did not request the court to make essential findings of fact pursuant to Crim.R. 12(E).  The case then proceeded to trial beginning on January 29, 1990, one hundred three days after Brown's arrest.  The jury returned a verdict of guilty.

Brown appealed.  The court of appeals, in an entry dated December 6, 1990, stated that "the record and portions of the transcript before us do not contain the trial court's essential findings as to appellant's motion to dismiss, as required by Crim.R. 13(E) [sic, 12(E)].  We, therefore, are unable to ascertain the propriety of the trial court's apparent denial of appellant's motion to dismiss without the portion of the transcript in which those findings are contained or a judgment entry stating the court's 'essential findings on the record.'"

The court of appeals, therefore, remanded the case to the trial court, for a period not to exceed ten days, to supplement the record with appropriate findings of fact, if any, entered in connection with its ruling on the motion to dismiss. Because Brown had not requested findings of fact from the trial court, no such findings were in the record.  On January 3, 1991, the transcript of the hearing on the motion to dismiss was filed.

On January 28, 1991, the court of appeals issued its decision and judgment, finding that Brown had been denied his right to a speedy trial because there was nothing in the record verifying the existence of the parole holder "except references to it by the prosecutor and defense counsel" and "[t]he judge never acknowledged that such a holder was produced for his inspection."  The court of appeals, therefore, reversed Brown's conviction.

Thereafter, the state filed a motion for reconsideration pursuant to App.R. 26 and a motion to supplement the record pursuant to App.R. 9(E).  With its motions, the state submitted the affidavit of the trial judge, which asserted that the original parole holder was presented to him by the state and that he overruled Brown's motion based on the fact that the Ohio Adult Parole Authority had placed an arrest hold on Brown on the same day he was arrested.  On March 18, 1991, the court of appeals denied both motions, concluding that the state had failed to demonstrate any obvious error or oversight by the court as required by App.R. 26, and that the trial judge's affidavit failed to demonstrate that the parole holder had been admitted into evidence justifying supplementation of the record.

The cause is now before this court upon the allowance of a motion for leave to appeal.

Dennis Watkins, Prosecuting Attorney, Peter J. Kontos and Patrick F. McCarthy, for appellant.
Robert L. Johnson, for appellee.

Moyer, C.J.   The sole issue before us is whether an appellate court errs in reversing a trial court's order

overruling a motion to dismiss on speedy trial grounds where the defendant fails to request that the trial court make findings of fact supporting its decision and the court does not state its findings of fact, but there is evidence on the record supporting the trial court's decision. For the following reasons, we conclude that an appellate court errs in such a situation where there is sufficient evidence demonstrating that the trial court's decision was legally justified and supported by the record.

"The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state. Klopfer v. North Carolina (1967), 386 U.S. 213 [87 S.Ct. 988, 18 L.Ed.2d 1, 41 O.O.2d 168]. This same right is assured an accused party by Section 10, Article I of the Ohio Constitution."1 State v. Ladd (1978), 56 Ohio St.2d 197, 200, 10 O.O.3d 363, 364, 383 N.E.2d 579, 581. See, also, State v. Singer (1977), 50 Ohio St.2d 103, 106, 4 O.O.3d 237, 238, 362 N.E.2d 1216, 1218, at fn. 2.

The statutory provisions guaranteeing an accused's right to be tried without inordinate delay are found in R.C. 2945.71 to 2945.73. R.C. 2945.71 states in part:

"(C) A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"* * *

"(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *" (Emphasis added.)

The existence of a valid parole holder prevents application of the triple-count provisions of R.C. 2945.71(E). "R.C. 2945.71(D) [now found in R.C. 2945.71(E)] is applicable only to those defendants held in jail in lieu of bail solely on the pending charge." State v. MacDonald (1976), 48 Ohio St.2d 66, 2 O.O.3d 219, 357 N.E.2d 40, paragraph one of the syllabus. "The triple-count provision of the speedy trial statute applies to an accused being held in jail solely on the pending criminal charges. A parole violation is a separate offense.

"* * *

"Thus, the triple-count provision of R.C. 2945.71(E) is inapplicable to a defendant held in jail under a parole holder, even when there are additional criminal charges pending. * * *" State v. Dunkins (1983), 10 Ohio App.3d 72, 74-75, 10 OBR 82, 85, 460 N.E.2d 688, 692. See, also, State v. Martin (1978), 56 Ohio St.2d 207, 211, 10 O.O.3d 369, 371, 383 N.E.2d 585, 587.

The transcripts of the hearing on the motion to dismiss and pretrial conference provide us with a sufficient basis to conclude that there was a valid parole holder on Brown. At the hearing on the motion to dismiss, the following exchange between counsel and the court concerning the motion to dismiss occurred:

"THE COURT: And third, we have a motion to dismiss the motion of speedy trial, Mr. Consoldane [Brown's trial counsel]. Mr. Consoldane, you filed a motion to dismiss?

"MR. CONSOLDANE: Yes, your Honor, I filed that motion yesterday and I'm prepared to proceed with that motion at this time. Your Honor, on October 17, 1989, Mr. Brown was taken into custody on this charge, which is a fourth degree felony. Since October 17th, he has been held continuously either in City Jail or the County Jail on these charges; primarily, on these charges, and that being as of January 17th, being 91 days, not counting the 17th of January. It was 91 days as of January 16th. In the Section 2945.71, it states that all felony cases must be heard within 270 days and if the person is held, confined in lieu of bail, that one day shall count as three or that he shall be tried within 90 days. This was brought to the attention of the State prior to filing the motion, that he wants to exercise this right and they felt they were not concerned with it. The bond in this case has never been posted. I know that the State is going to argue that there has been a parole hold placed on Mr. Brown, but primarily, the parole hold was placed on him after he was arrested and was placed on him because he was arrested. The onsite hearing was taken on at the County Jail and they said the parolehold [sic] was to be maintained until such time as he posted bond or the case was terminated. He has not been able to post bond. That's the reason if he could post bond, that would trigger a second parole hearing. According to the State Parole [A]uthority, the only reason he is being held in jail is because of the bond that was set in this particular case, and I might add, your Honor, it's an extremely high bond for a fourth degree felony.

"* * *

"MR. KONTOS [for the state]: This Defendant was arrested on October 17, 1989, the same date the Adult Parole [A]uthority, State of Ohio, issued a parole hold for this Defendant, issuing the same date, which I'm going to submit a copy to the Court. Your Honor, Section 2945.71 indicates the fourth degree felony, Defendant must be tried within 270 days unless he's incarcerated solely on the charge, at which time there is what they call a three to one provision, which means in essence, if you're being held solely on one particular charge, you have 90 days. * * * [I]t's the State's contention, since there is a parole hold on this Defendant, that he's entitled to be tried within 270 days, therefore, not three to one. Therefore, we're several months within the statutory time * * *."

Brown's trial counsel did not dispute the existence of the parole holder. In fact, he acknowledged that a parole holder had been placed on Brown. Instead, he argued that the parole holder was immaterial because the Adult Parole Authority had acknowledged that the only reason Brown was being held in jail was the high bond set by the court on the felony charge. Further, at the conference in the court's chambers prior to the start of trial, Brown's trial counsel also acknowledged that the court had overruled the motion to dismiss. The court's ruling apparently was based on its belief that there was a valid parole holder on Brown. No objection was made to the court's ruling and Brown's counsel did not assert that there was no parole holder. Only on appeal did Brown through his appellate counsel aver that the record does not demonstrate the

existence of a valid parole holder on him. Any question regarding the existence of the parole holder should have been raised in the trial court. "[W]e must presume the set of facts that validates, rather than invalidates, the judgment [below]." State v. Brandon (1989), 45 Ohio St.3d 85, 87, 543 N.E.2d 501, 504, citing Fisher & Lanning v. Quillen (1907), 76 Ohio St. 189, 81 N.E. 182.

Brown argues that in the absence of an express finding of fact that a parole holder had been issued, no basis exists for the trial court's denial of his motion to dismiss. Crim.R. 12(E) provides, in pertinent part, that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." "A trial court must, upon the defendant's request, state essential findings of fact in support of its denial of a motion to discharge for failure to comply with the speedy trial provisions of R.C. 2945.71." Bryan v. Knapp (1986), 21 Ohio St.3d 64, 65, 21 OBR 363, 364, 488 N.E.2d 142, 143. But for a court to have a duty to issue findings of fact, there must be a request from the defendant. No request for such findings was made by Brown's trial counsel. In State v. Benner (1988), 40 Ohio St.3d 301, 317-318, 533 N.E.2d 701, 718, this court stated the following:

"[I]n order to invoke the rule [Crim. R. 12(E)], the defendant must request that the court state its essential findings of fact in support of its denial of a motion. See Bryan v. Knapp (1986), 21 Ohio St.3d 64, 21 OBR 363, 488 N.E.2d 142."

Therefore, a trial court's failure to place of record the findings of fact essential to its disposition of a motion will not provide a basis for reversal on appeal in the absence of a timely request for such findings. Benner, supra; Knapp, supra.

In this case, it would have been helpful if the trial court had filed findings of fact and a judgment entry memorializing its ruling and the grounds therefor, or if a copy of the parole holder had been placed in the record. However, there was other sufficient evidence of the parole holder for the trial court to deny Brown's motion to dismiss. The transcripts of the hearing on the motion to dismiss and the in-chambers conference on the day of trial provide sufficient evidence of a parole holder. Therefore, Brown was not entitled to the triple-count provision of R.C. 2945.71 as he was not being held solely on the pending charge and his trial was well within the period required by R.C. 2945.71(C).[2]

Accordingly, we hold that when a defendant makes no request to the trial court to state findings of fact in support of an order overruling a motion to dismiss on speedy trial grounds, and the trial court does not state its findings of fact, an appellate court errs in reversing a conviction on the ground that the defendant was denied a speedy trial if there is sufficient evidence demonstrating that the trial court's decision was legally justified and supported by the record.

Therefore, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for reinstatement of sentence.

Judgment reversed<br>and cause remanded.

Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick,

JJ., concur.

FOOTNOTE:

1 Section 10, Article I of the Ohio Constitution provides, in part:

"In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed."  (Emphasis added.)

2 We have not relied on or considered the affidavit of the trial judge filed in the court of appeals with the state's motion for reconsideration and motion to supplement the record as it was not part of the record on appeal.