OPINION AND JUDGMENT ENTRY
These consolidated appeals are before the court from judgments of the Williams County Court of Common Pleas in which the court suppressed evidence of appellees' possession of cocaine and crack cocaine and thereby rendered the state's proof so weak in its entirety as to destroy any reasonable possibility of effective prosecution.
On March 30, 1998, appellees Bennie Glinsey and Lowrell Neal were arrested and each charged with one count of possession of drugs, cocaine, in violation of R.C. 2925.11(A) and (C) (4) (e), and one count of possession of drugs, crack cocaine, in violation of R.C. 2925.11(A) and (C) (4) (f). Those charges were the result of a traffic stop effectuated by Trooper Dean Laubacher of the Ohio State Highway Patrol on the Ohio Turnpike in western Williams County, Ohio.
Subsequently, appellees filed motions to suppress the physical evidence seized and any statements attributable to them on the ground that Trooper Laubacher lacked a reasonable articulable suspicion that appellees were engaged in criminal behavior before stopping their vehicle. The cases proceeded to a hearing on the motions to suppress on June 10, 1998, at which Trooper Laubacher and Kirk Yosick, an employee of Neal's attorney, testified.
Trooper Laubacher testified that although he is currently assigned to the Lima Patrol Post, he works on the drug interdiction team and can patrol anywhere he wants. On March 30, 1998 at approximately 10:15 a.m., Trooper Laubacher was sitting at the crossover at the six mile post on the Ohio Turnpike when he saw a semi tractor trailer proceeding eastbound with another vehicle, a 1986 Cadillac, following directly behind it. The trooper testified that as the two vehicles passed him, he noticed that the second vehicle was one car length, approximately twenty feet, behind the semi. Because the traffic at that time was light and there was no adverse weather, the trooper testified that he questioned why the car did not pass the semi under those conditions. On cross-examination, however, Trooper Laubacher admitted that as the car passed him he did not see any indicators of criminal activity. Trooper Laubacher then pulled out and began to follow the car. At approximately the seven and one-half mile post, the roadway narrowed to one lane for a construction zone and, Trooper Laubacher testified, the Cadillac continued to follow the semi at the same distance and rate of speed. After they cleared the construction zone, Trooper Laubacher testified that he drove up along side the Cadillac, noticed a crack in the car's windshield and noticed that the front seat passenger was not wearing a seat belt. At this point, the Cadillac was approximately one and one-half car lengths behind the semi. Trooper Laubacher testified that the crack in the windshield was approximately twelve inches long, with six inches protruding beyond the shaded top portion of the window. At that point, Trooper Laubacher pulled over the Cadillac for following too closely, the cracked windshield and the seat belt violation Although there was no testimony on the matter at the hearing below, a subsequent search of the vehicle uncovered cocaine and crack cocaine.
Kirk Yosick was the only other witness to testify at the hearing below. Yosick is employed by appellee Neal's attorney and testified that on April 30, 1998, he took photographs of the Cadillac and its windshield in the company of Trooper Laubacher. He then identified the photographs, testified that they accurately represented the car and windshield and stated that in his opinion the crack only extended four inches below the shaded portion of the windshield.
On November 23, 1998, the trial court issued a judgment entry on the motion to suppress which reads: "The Court finding the testimony to be not credible on the issue of the traffic violation alleged to be the reason for the stop, grant's defendant's motion." It is from that judgment that the state now appeals, raising the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH OHIO CRIMINAL RULE 12(E) IN GRANTING DEFENDANTS' MOTION TO SUPPRESS AS IT FAILED TO STATE THE REQUIRED FINDINGS OF FACT IN IT'S JUDGMENT ENTRY.
"ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED IN FINDING THE TESTIMONY TO BE NOT CREDIBLE ON THE ISSUE OF THE TRAFFIC VIOLATION AS THIS FINDING IS ARBITRARY AND UNSUPPORTED BY ANY COMPETENT OR CREDIBLE EVIDENCE.
"ASSIGNMENT OF ERROR NO. 3:
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS' MOTION TO SUPPRESS AS THE RECORD CLEARLY REVEALS THAT SUFFICIENT ARTICULABLE FACTS EXISTED TO JUSTIFY THE INITIAL STOP OF THE DEFENDANTS [SIC] VEHICLE."
In its first assignment of error, the state contends that the trial court erred in granting appellees' motion to suppress without issuing findings of fact as required by Crim.R. 12(E).
Crim.R. 12(E) states in relevant part:
 "The court may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means.
"* * *
 "Where factual issues are involved in determining a motion, the court shall state its essential findings on the record."
This court recently addressed this very same issue and held:
 "Numerous cases hold that a defendant must request findings of fact before a court must state its essential findings concerning factual issues when it denies a motion to suppress. State v. Brown (1992), 64 Ohio St.3d 476, 481 * * *; State v. Blankenship (1995), 102 Ohio App.3d 534, 557-558 * * *. In our view, mutuality requires that the state request findings of fact where the trial court grants a motion to suppress." State v. Broderick (Aug. 6, 1999), Williams App. Nos. WM-98-025 and WM-98-027, unreported.
In Broderick, we concluded that because the state never requested findings of fact, the trial court was not required to state them on the record. We further determined, however, that by finding that the testimony of the sole witness was not credible, the trial court had no other factual findings to make regarding the legality of the traffic stop.
Similarly, in the present case, the state failed to request findings of fact and the court found the sole witness to the traffic stop not to be credible. Credibility of witnesses and the weight to be given their testimony are matters which are to be left for the trier of fact to determine. State v. Thomas
(1982), 70 Ohio St.2d 79, syllabus. As we stated in Broderick, "[w]e decline to require a trial court to make factual findings justifying its conclusion that a witness is not credible."
The first assignment of error is not well-taken.
The second and third assignments of error are interrelated and will be addressed together. Appellant asserts that the trial court erred in finding that the testimony on the issue of the traffic violation was not credible and erred in finding that Trooper Laubacher did not have a reasonable articulable suspicion of a traffic violation to justify stopping appellees' vehicle.
Again, this court recently addressed these very same issues in Broderick, where we stated:
 "An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence from the suppression hearing. State v. Williams (1993), 86 Ohio App.3d 37, 41 * * *. Then, the appellate court independently determines, as a matter of law, whether the trial court applied the appropriate legal standard to those facts and whether the trial court arrived at the proper legal conclusion. Id.
 "As we stated, whether a witness is or is not credible is for the trier of fact to determine. It does not involve a `fact' which must be determined in order to resolve the issue before the court. It is the mind of the trier of fact rather than a reviewing court which must be convinced. State v. Thomas, 70 Ohio St.2d at 80. A reviewing court can evaluate evidence in terms of sufficiency, but it cannot second guess the trial court's determination of credibility. See, generally, id."
Upon a review of the entire record of this case, we conclude that the trial court's determination that Trooper Laubacher lacked a reasonable suspicion to stop appellees' vehicle was supported by sufficient evidence. Once the court determined that the trooper's testimony was not credible, it follows that there was no credible evidence to support the state's assertion that appellees were failing to maintain an assured clear distance, in violation of R.C. 4511.34, or that they were driving an unsafe vehicle, in violation of R.C. 4513.02. With further regard to appellant's assertion that the cracked windshield violated R.C. 4513.02 and gave Trooper Laubacher an additional reason to stop appellees' vehicle, it is noteworthy that Kirk Yosick's testimony and the photographs of the windshield admitted into evidence at the hearing support the conclusion that the windshield was not in such an unsafe condition as to endanger any person.
Accordingly, the second and third assignments of error are not well-taken.
The judgment of the Williams County Court of Common Pleas is affirmed. Court costs are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J. JUDGE
 _______________________________ James R. Sherck, J. JUDGE
 _______________________________ Mark L. Pietrykowski, J. JUDGE
CONCUR.