DECISION AND JUDGMENT ENTRY
The state appeals the Ross County Common Pleas Court's judgment that granted Roger Green's motion to dismiss. The trial court held that the triple-count provision in R.C. 2945.71(E) applied so that Green was denied his right to a speedy trial.
The state assigns the following error:
 THE TRIAL COURT ERRED IN FINDING THAT THE STATE FAILED TO MEET THE BURDEN OF PROOF NECESSARY TO PREVENT APPLICATION OF THE TRIPLE-COUNT PROVISION OF R.C. 2945.71(E).
We agree with the trial court. Green sufficiently alleged in his motion to dismiss that he was held solely on the pending charges and thus, the triple-count provision in R.C. 2945.71(E) applied. Because the state failed to produce evidence that the triple-count provisions did not apply, the trial court properly discharged Green.
On July 11, 2001, the Ross County Sheriff's Department arrested Roger Green as part of an ongoing criminal investigation. The state contends that on July 12, 2001, the Ohio Department of Rehabilitation and Corrections (DRC) issued a parole holder to the Ross County Sheriff's Department for Green. On July 27, 2001, the Ross County Grand Jury indicted Green for aggravated robbery, aggravated burglary, failure to comply, receiving stolen property, and grand theft. The next day, the Sheriff's Department served the indictment on Green, who apparently remained in jail from the July 11, 2001 arrest. Green remained in the Ross County Jail at least until November 9, 2001.
On November 7, 2001, the state filed a motion for continuance and stated that "[t]he continuance requested by the State, if granted, will not violate the Defendant's speedy trial rights. * * * Although the Defendant has been held in jail in lieu of bail since the date of his arrest, the `triple-count' provision of R.C. 2945.71(E) does not apply. A parole holder was issued against the Defendant on July 12, 2001." On November 9, 2001, Green replied by filing his motion to dismiss based on his right to a speedy trial under the triple-count provision of R.C.2945.71(E). In his motion, Green requested a hearing and stated that he was unaware of a parole holder filed with the Ross County Sheriff's Department. After a hearing, the trial court found that there was insufficient evidence to show that Green was ever held on the parole holder and dismissed the charges. This appeal followed.
In its assignment of error, the state argues that Green did not establish a prima facie case for discharge because he did not allege in his motion that he was held solely on the pending charges. Therefore, the state argues that it had two hundred and seventy days to bring Green to trial, instead of ninety days as Green argues. However, the state concedes that Green has been incarcerated for more than ninety days.
A person arrested and charged with a felony must be brought to trial within two hundred and seventy days. R.C. 2945.71(C)(2). But if the accused remains in jail in lieu of bail solely on the pending charges, each day is counted as three days. R.C. 2945.71(E). This is the triple-count provision. Therefore, if the accused is held in jail in lieu of bail solely on the pending charges, the state must bring him to trial within ninety days.
Generally, when we review speedy trial issues, mixed questions of law and fact exist. State v. Hiatt (1997), 120 Ohio App.3d 247, 261,697 N.E.2d 1025. We will accept the facts as found by the trial court if they are supported by some competent, credible evidence; but we will freely review the application of the law to the facts. Id.
An accused presents a prima facie case for discharge based upon a violation of speedy trial limitations by alleging in a motion to dismiss that he or she was held solely on the pending charges and for a time exceeding the R.C. 2945.71 limits. State v. Butcher (1986),27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368. The burden of proof then shifts to the state to show that the R.C. 2945.71 limitations have not expired, either by demonstrating that the time limit was extended by R.C.2945.72[1] or by establishing that the accused is not entitled to use the triple- count provision in R.C. 2945.71(E). Butcher,27 Ohio St.3d at 31. An accused is not entitled to the triple-count provision when he is detained in jail under a valid holder. State v. Brown, 64 Ohio St.3d 476,479, 1992-Ohio-96, 597 N.E.2d 97; State v. Cremeans (June 26, 2000), Lawrence App. No. 99CA12.
The trial court found that Green presented a prima facie case for discharge under the triple-count provision and that the state did not introduce sufficient evidence to carry its burden of proof regarding the parole holder. In its entry, the trial court stated that even though the parole holder "is addressed to the Ross County Sheriff's office, there was no testimony that the Sheriff's office received the parole holder, that the parole holder was still in effect or that the Defendant was being held by the Ross County Sheriff on that parole holder in addition to being held in lieu of bail on the pending charges." The state argues that Green never alleged in his motion to dismiss that he was incarcerated solely on the pending charges. Therefore, the burden never shifted to them. And since the burden never shifted, all it had to do was show the existence of the parole holder. We find no merit in this argument.
The determination of whether an accused is held solely on the pending charges is a legal conclusion dependent upon the underlying facts. Statev. Howard (Mar. 4, 1994), Scioto App. No. 93CA2136. In reviewing speedy trial determinations we have never required, nor has any other court of appeal or the Ohio Supreme Court, the accused to recite verbatim that he or she was held "solely on the pending charges." Rather, it appears that court's use a "notice" approach. See, State v. Armstrong (April 26, 1996), Scioto App. No. 95CA2346 (stating that the appellant created a prima facie case for discharge when he was incarcerated and "has alleged [that] he was entitled to the `three for one' provision of R.C.2945.71(E)") and State v. Daniels (May 11, 1994), Lawrence App. No. 93CA22 (stating that appellant presented a prima facie case for discharge by contending that he was held for more than ninety days).
The record reveals that Green was arrested initially on July 11, 2001 and subsequently served with an indictment on July 28, 2001. At a minimum, he remained in jail from July 11, 2001 until counsel filed the motion to dismiss on November 9, 2001. The state concedes, and we agree, that this was more than ninety days. Green's motion alleged that he should be discharged because the triple-count provision in R.C. 2945.71(E) applied and that the parole holder mentioned by the state was not valid. We believe that this was sufficient to allege that he was held solely on the pending charges and presented a prima facie case for discharge.
The state's motion for continuance also strengthens our decision. In its motion, the state relied solely on the parole holder when it informed the trial court that Green's speedy trial rights were not being violated. Therefore, logic and common sense would dictate that Green only had to refute the validity of the parole holder in order to allege that he was held solely on the pending charges.
Since Green presented a prima facie case for discharge, the burden of proof shifted to the state. Therefore, the state had to show that the triple-count provision did not apply. The Ohio Supreme Court has stated that "[t]he existence of a valid parole holder prevents application of the triple-count provisions of R.C. 2945.71(E)." Brown,64 Ohio St.3d at 479. [Emphasis added]. The state could not carry its burden by merely introducing a copy of a parole holder in the name of the appellant. As the trial court noted, the state had to establish that the parole holder was valid and in effect against Green. The state failed to introduce either testimonial or documentary evidence that the Ross County Sheriff's Department received the holder, held Green on it, or that the parole holder was still effective. The parole holder, which was attached to the state's memorandum contra, bears no sign or stamp to indicate that the sheriff's office received it. No one authenticated it, nor was it certified. As the trial court properly ruled, it was insufficient to carry the state's burden.
Finally, the state argues that State v. Gagaris (Mar. 9, 2001), Clark App. No. 2000-CA-62, should control the outcome in this case. In Gagaris, the Second District held that Gagaris's motion to dismiss was properly denied because he did not allege in his motion that he was held solely on the pending charges. The court stressed that the accused must allege both that he was incarcerated for over ninety days and that he was held solely on the pending charges. Therefore, the court stated that "mere incarceration, by itself, is not enough to trigger the triple-count provision of the statute." Gagaris is consistent with our holding. Here, the trial court found, and we agree, that Green alleged both that he was held solely on the pending charges and that he was incarcerated for more than ninety days. Therefore, the trial court did not err in placing the burden of proof on the state.
The trial court's finding that Green was held solely on the pending charges is supported by competent and credible evidence. Therefore, the trial court properly granted Green's motion to dismiss because R.C.2945.71(E)'s triple-count provision is applicable to Green's incarceration.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment and Opinion.
[1] R.C. 2945.72 provides in part: The time within which an accused must be brought to trial * * * may be extended only by the following:
 (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceeding against him; * * *
 (B) Any period during which the accused is mentally incompetent to stand trial; * * *
 (C) Any period of delay necessitated by the accused's lack of counsel; * * *
 (D) Any period of delay occasioned by the neglect or improper act of the accused;
 (E) Any period of delay necessitated by reason of a plea * * * made or instituted by the accused;
 (F) Any period of delay necessitated by a removal or change of venue pursuant to law;
 (G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such an order;
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;
 (I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.