OPINION
{¶ 1} On October 26, 2005, Defendant, Darren Maiolo, entered the Walgreen's store located at 1140 N. Limestone Street in Springfield. After selecting several items and taking them to the checkout counter, Maiolo asked the cashier for an additional item. When the cashier left the checkout counter to get the requested item, Maiolo grabbed a carton of *Page 2 
cigarettes from behind the counter and attempted to run out of the store. The cashier grabbed Maiolo, attempting to stop him, but Maiolo punched the cashier in the shoulder, shoved him out of the way, and fled.
 {¶ 2} Several weeks later on January 1, 2006, Maiolo was arrested on an unrelated forgery charge. He was indicted on January 9, 2006, on one count of robbery, R.C. 2911.02(A)(2), as a result of these events. Subsequently, Maiolo was also indicted on an unrelated drug abuse charge, R.C. 2925.11. The forgery and drug abuse charges remained pending throughout the course of this robbery case. On the day his jury trial was scheduled to begin, April 10, 2006, Maiolo entered a plea of guilty to the robbery charge in exchange for an agreed sentence of four years imprisonment, which the trial court imposed.
 {¶ 3} Defendant timely appealed to this court from his conviction and sentence. His appellate counsel filed an Anders brief, Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, claiming that she could find no meritorious issue for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the *Page 3 
record. Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300.
 {¶ 4} Defendant's appellate counsel has identified ineffective assistance of trial counsel as a potential issue for appeal.
 {¶ 5} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that were it not for counsel's errors, the result of the trial would have been different. Id., State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 6} A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. Strickland, at 697;Bradley, at 143. If an ineffective assistance of counsel claim is more readily rejected for lack of sufficient prejudice, that alternative should be followed. Id; State v. Winterbotham (August 4, 2006), Greene App. No. 05CA100, 2006-Ohio-3989.
 {¶ 7} A plea of guilty or no contest waives any prejudice *Page 4 
a defendant suffers arising out of his counsel's alleged deficient performance, except to the extent that the particular failure alleged impaired the knowing and voluntary character of the defendant's plea.Winterbotham.
 {¶ 8} The suggestion is made that Defendant's counsel performed deficiently because he failed to prepare for trial, advised Defendant that he had very little chance of winning at trial, and repeatedly urged Defendant to accept the State's plea offer and plead guilty to robbery as charged in exchange for a four year sentence.
 {¶ 9} The State's evidence in this case included the testimony of the Walgreen's employee Defendant assaulted in fleeing after this theft offense, and the Walgreen's surveillance videotape showing Defendant committing the conduct alleged. At the time Defendant entered his guilty plea he acknowledged that he committed the acts recited by the prosecutor on the record, which included stealing a carton of cigarettes from the Walgreen's store and then punching and shoving a Walgreen's employee in the course of fleeing after the commission of this theft offense, which resulted in some minor injury (soreness) to that employee's shoulder. That is sufficient physical harm to support a conviction for robbery. R.C. 2911.02(A)(2); 2901.01(A)(3). Counsel's encouraging *Page 5 
Defendant to accept the State's plea offer was not deficient performance.
 {¶ 10} A review of the plea proceeding reveals that the trial court engaged in a colloquy with Defendant and fully complied with Crim.R. 11(C)(2)(a)-(c) in accepting Defendant's plea. Defendant told the trial court that he was satisfied with his counsel's representation and that no one had made any promises or threats to him to induce his plea. This record amply demonstrates that Defendant's plea was knowing and voluntary. Even in the face of overwhelming evidence of guilt, counsel negotiated a deal that reduced Defendant's potential sentence from eight years to four. No deficient performance, much less resulting prejudice, has been demonstrated.
 {¶ 11} The further suggestion is made that Defendant's counsel performed deficiently because he failed to object to the violation of Defendant's speedy trial rights. In that regard, Defendant complains that he was not brought to trial within ninety days after he was arrested and indicted on this robbery charge, even though he remained continuously incarcerated during this time. R.C. 2945.71(C)(2), (E).
 {¶ 12} Defendant was held in jail not only on this pending robbery charge but also on unrelated forgery and drug abuse *Page 6 
charges. Under those circumstances the triple count provision in R.C.2945.71(E) does not apply, and Defendant had to be brought to trial within two hundred seventy days after his arrest on the pending robbery charge. State v. MacDonald (1976), 48 Ohio St.2d 66, State v.Brown, 64 Ohio St.3d 476, 479, 1992-Ohio-96.
 {¶ 13} Defendant entered his guilty plea on the ninety-ninth day after his arrest, and the ninety-first day after his indictment on the robbery charge. Thus, his speedy trial rights were not violated, and defense counsel did not perform deficiently by failing to raise a speedy trial objection. There is no arguable merit to the claim that Defendant was deprived of the effective assistance of counsel at trial.
 {¶ 14} In addition to reviewing the possible issue raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
 WOLFF, P.J. And BROGAN, J., concur. *Page 1