[Cite as *Bedford v. McLeod*, 2011-Ohio-3380.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   94649

## CITY OF BEDFORD

PLAINTIFF-APPELLEE

vs.

## LANCE D. McLEOD

DEFENDANT-APPELLANT

## JUDGMENT:
## VACATED AND REMANDED

Criminal Appeal from the
Bedford Municipal Court
Case No. 08TRC07283

**BEFORE:**   E. Gallagher, J., Sweeney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   July 7, 2011

**ATTORNEYS FOR APPELLANT**

Joseph A. Dubyak
Dubyak & Goldense
50 Public Square
Suite 920
Cleveland, Ohio   44113-2206

David M. King
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

Ross S. Cirincione
Law Director, City of Bedford Hts.
Castleton Building
5306 Transportation Blvd.
Garfield Heights, Ohio   44125

Kenneth A. Schuman
Law Director, City of Bedford
5306 Transporation Blvd.
Garfield Heights, Ohio   44125

EILEEN A. GALLAGHER, J.:

{¶ 1} Lance McLeod appeals from the decision of the Bedford Municipal Court. McLeod argues the trial court erred when it denied his motion to suppress, erred when it failed to commence his trial in a timely fashion, and that these errors resulted in an

inadequate record on appeal.  Finding merit to this appeal, we vacate McLeod's underlying convictions.

{¶ 2}  On October 11, 2008, Bedford Police Officer Ronald Niemann issued a citation charging McLeod with violating R.C. 4511.19(A)(1)(a), operating a vehicle whi`le intoxicated, R.C. 4511.19(A)(1)(d), blood alcohol content, and Bedford Codified Ordinances 333.022(D) full time and attention.  At his arraignment, McLeod pleaded not guilty and executed a waiver of speedy trial.  Specifically, McLeod acknowledged "by signing this waiver, you are knowingly and in open court, waiving the * * * under O.R.C. 2945.71 and allowing the Court to set the matter at its earliest convenience for hearing or trial."

{¶ 3}  On December 4, 2008, McLeod filed a motion to suppress the results of the field sobriety and breathalyzer tests, any statements made by McLeod and any observations and opinions of the arresting officers concerning McLeod's intoxication.  On December 29, 2008, the trial court conducted a hearing on the motion to suppress.  On May 5, 2009, McLeod filed a motion to dismiss and a renewed motion to suppress, seeking a dismissal of the charges for the trial court's failure to rule on his December 4, 2008 motion to suppress. On September 30, 2009, the trial court issued a journal entry setting the case for a status review.  On January 29, 2010, more than one year after McLeod filed his motion to suppress, the trial court summarily denied the motion.

{¶ 4} The trial court proceeded to a jury trial that same day. The city presented the testimony of Officer Niemann and Officer Paul Kellerman. Officer Niemann testified that on October 11, 2008, at approximately 11:30 p.m., he was on duty and driving westbound on Rockside Road. Officer Niemann noted that two cars were at the red light on Broadway Road and continued to sit at the light even though it turned green. Neither car moved until a motorcycle approached from behind and beeped. Then, the GMC pickup truck driven by appellant, "chirped" its tires as it proceeded through the intersection. Officer Niemann testified that although the driver of the truck only remained sitting at the intersection for a few seconds, he decided to initiate a traffic stop.

{¶ 5} Officer Niemann stated that McLeod was the driver of the pickup truck and that he immediately smelled alcohol emanating from McLeod and that McLeod appeared dazed and lacked focus. Officer Niemann testified that upon questioning, McLeod admitted that he had consumed one drink. Believing McLeod to be intoxicated, Officer Niemann initiated field sobriety tests. The officer asked McLeod to count from forty-three to thirty-seven and McLeod counted from forty-three to thirty-three. Officer Niemann attempted the horizontal gaze nystagmus (HGN) test but McLeod lacked the ability to focus on the officer's pen so the officer then stopped the test.

{¶ 6} Officer Niemann asked McLeod to exit the vehicle for further field sobriety

testing. When asked to perform the balance test, McLeod informed the officer that he had a previous injury that affected his balance. McLeod attempted the balance test anyway, but failed. The officer asked McLeod to walk a straight line touching his feet heel-to-toe as he walked. McLeod could not perform the heel-to-toe or walk a straight line and then stopped the testing by stating, "I can't do this." Officer Niemann placed McLeod under arrest and transported him to the police station. At the station, Officer Niemann repeated the tests and McLeod submitted to a breathalyzer, which produced a reading of .128.

{¶ 7} The defense presented no witnesses. The jury found McLeod guilty of both OVI charges, R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(d), and not guilty of Bedford Codified Ordinances 333.022(D). The trial court proceeded to sentencing and sentenced McLeod to 30 days in jail with 27 suspended, imposed a $500 fine, ordered him to pay court costs, and then stayed the imposition of the sentence pending the outcome on appeal.

{¶ 8} On February 10, 2010, McLeod filed the instant appeal, raising the three assignments of error contained in the appendix to this opinion. On March 15, 2010, this Court dismissed the appeal for failure to file the record. On August 2, 2010, this Court granted McLeod's motion to reconsider and vacated the dismissal. On September 21, 2010, the trial court granted McLeod's motion to assign a court reporter and prepare the transcript, which was then filed on October 21, 2010. Upon review of the transcript, McLeod's

counsel noted that a transcript of the suppression hearing held on December 29, 2008 was not included. After conferring with Bedford Municipal Court, McLeod's counsel learned that no recording of the suppression hearing existed. Specifically, the court only maintains recordings for eighteen months, and, thereafter, records over them. In view of the fact that the suppression hearing took place 21 months earlier, the recording had been destroyed.

{¶ 9} In his first assignment of error, McLeod argues the trial court erred when it denied his motion to suppress. In his second assignment of error, McLeod argues the trial court's delay in ruling on his motion to suppress resulted in an inadequate record on appeal. More specifically, McLeod argues that the trial court's delay in ruling on his motion to dismiss caused the recording of the suppression hearing to be destroyed. Because these assignments of error involve the same facts, we shall address them contemporaneously.

{¶ 10} In arguing that his motion to suppress should have been granted, McLeod claims that Officer Niemann had no reasonable suspicion to believe that McLeod committed any traffic violation nor engaged in any illegal activity. In response, the City argues that the officer had probable cause to believe that a traffic violation had occurred and, therefore, had probable cause to make the stop.

{¶ 11} Although not mentioned by either party in their appellate briefs, we first look at whether the trial court erred in failing to make findings of fact and conclusions of law.

Crim.R. 12(F) provides that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." Here, in denying the motion to suppress, the trial court stated only that the "[m]otion to suppress is overruled along with any motion to dismiss, which is also overruled." The court ruled on McLeod's motion to suppress on the day of trial, well more than one year after it conducted the suppression hearing.

{¶ 12} Crim.R.12(F) mandates, by use of the word "shall," that the trial court state its essential findings on the record when issues of fact are involved in determining a motion. But we have found that a trial court's failure to provide its "essential findings" on the record in a case may not be fatal to a review of the trial court's ruling on the motion when the record provides a sufficient basis to review appellant's assignments of error. *State v. Bennett*, Cuyahoga App. No. 86962, 2006-Ohio-4274, appeal not allowed by 114 Ohio St.3d 1425, 2007-Ohio-2904, 868 N.E.2d 679; *State v. Ogletree*, Cuyahoga App. No. 86285, 2006-Ohio-448; *State v. Martin*, Cuyahoga App. No. 89030, 2007-Ohio-6062. In this case, as stated above, no transcript of the suppression hearing exists and accordingly, we have no basis upon which to review the trial court's ruling.

{¶ 13} Moreover, while we are presented with a transcript of McLeod's trial, the record is unclear as to the basis for McLeod's motion to suppress and, therefore, it is equally

unclear whether the trial court's decision to deny McLeod's motion to suppress was supported by the testimony presented at trial. There is no evidence before the court that Officer Niemann was certified to perform field sobriety tests or that he did so in compliance with the National Highway Traffic Safety Administration (NHTSA) dictates. Although Officer Kellerman testified that he is qualified to administer a breathalyzer test, there was no evidence that the machine was properly calibrated. This is all the more problematic as the trial court failed to preserve the suppression hearing record and further, failed to either reduce its findings to writing or state them on the record. See *State v. Alhajjeh*, Cuyahoga App. No. 93077, 2010-Ohio-3179 (finding that the trial court's stating its findings on the record was sufficient to meet the requirements of Crim.R. 12(F)). Therefore, there is nothing substantive in the record for us to review. See *Bedford v. Clark*, Cuyahoga App. No. 95594, 2011-Ohio-941.

{¶ 14} We do note that McLeod failed to request findings of fact and historically this court has held that an appellant waives his right to challenge a violation of Crim.R. 12(F) if he or she does not make a timely request for the findings. See *State v. Martin*, Cuyahoga App. No. 89030, 2007-Ohio-6062, appeal not allowed by 117 Ohio St.3d 1441, 2008-Ohio-1279, 883 N.E.2d 458 (stating that "[i]t is well-settled in Ohio * * * that in order for a court to have a duty to issue findings of fact, there must be a request from the

defendant.") However, this court reviewed relevant case law in *Bedford v. Clark* and determined that "in cases where we found that a violation of Crim.R. 12(F) did not require reversal, there was other evidence in the record from which we could review and determine whether the trial court erred in ruling on the motion to suppress." Id. See *Martin*; *Ogletree*; *State v. Arrington*, Cuyahoga App. No. 92556, 2009-Ohio-4721; *State v. Little* (Oct. 12, 2000), Cuyahoga App. No. 77258.

{¶ 15} As further stated in *Clark*:

"Notably, in *State v. Brown*, 64 Ohio St.3d 476, 1992-Ohio-96, 597 N.E.2d 97, the Ohio Supreme Court held that '[w]hen a defendant makes no request to the trial court to state findings of fact in support of an order overruling a motion to dismiss on speedy trial grounds, and the trial court does not state its findings of fact, an appellate court errs in reversing a conviction on the ground that the defendant was denied a speedy trial if there is sufficient evidence demonstrating that the trial court's decision was legally justified and supported by the record.' (Emphasis added.) Id. at syllabus. We extended the holding in *Brown* to include motions to suppress in *State v. Burrell* (Apr. 16, 1998), Cuyahoga App. No. 72113, appeal not allowed by (1998), 83 Ohio St.3d 1429, 699 N.E.2d 945 (holding that the trial court did not err in failing to comply with Crim.R. 12 because there was sufficient evidence in the record to support the trial court's ruling)."

{¶ 16} Thus, it does not appear to be a blanket rule that an appellant must request factual findings in order to invoke Crim.R.12(F). *Clark*. If, as in this case, there is insufficient evidence in the record demonstrating that the trial court's decision is justified, then a trial court may violate Crim.R. 12(F) even if the appellant fails to make a timely request. *Clark.*

**{¶ 17}** Crim.R. 12(F) does require, however, that there be factual issues in dispute before a trial court is required to make findings of fact. In the case at bar, McLeod challenged whether the police had probable cause to arrest him, the manner in which police administered the breathalyzer test, and the admissibility of statements he made to the police. Based on his motion, we find that there were factual issues for the trial court to determine. Although the trial court did conduct a hearing on McLeod's motion to suppress, it denied the motion more than one year later and without any findings of fact or conclusions of law. Moreover, the court's delay in ruling on McLeod's motion to suppress caused the recording of the suppression hearing to be destroyed. Thus, we cannot properly review whether the court erred in overruling the motions to suppress. *Clark.*

**{¶ 18}** In many instances we have presumed regularity in a trial court's actions in the absence of a transcript for review. "An appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support the appellant's assignments of error. In the absence of a complete record, an appellate court must presume regularity in the trial court's proceedings." (Internal citations omitted.) *State v. Smith*, Cuyahoga App. No. 94063, 2010-Ohio-3512. In this instance, however, McLeod's failure to provide a transcript was not due to McLeod's or his counsel's failure to provide it. It no longer exists. Thus, we cannot presume regularity

where the court's failure to rule on a motion to suppress in a timely fashion caused the destruction of a record capable of review and then blame that failure on the appellant. See *Village of N. Randall v. Withrow*, Cuyahoga App. No. 94572, 2011-Ohio-1675.

{¶ 19} Further, we are not convinced that an App.R. 9(C) statement would have provided clarity. App.R. 9(C) provides in relevant part: "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection * * *." It would not have contained the trial court's findings of fact and conclusions of law in light of the assigned error in this case.

{¶ 20} Accordingly, for the reasons stated above, McLeod's first and second assignments of error are sustained.

{¶ 21} In his third and final assignment of error, McLeod argues that his rights to a speedy trial were violated. We find that the trial court did not comport with the speedy trial waiver that McLeod executed.

{¶ 22} McLeod's waiver, which he acknowledged signing, allowed the court to "set the matter at its earliest convenience for hearing or trial." However, the court acknowledged its error in causing the delay in bringing McLeod to trial and stated as follows:

> "I'm perfectly willing to take my beating. Somehow the file did get put somewhere where I didn't rule on it, however, there is a time waiver in here and in addition to

whatever time. And I made it very clear in the previous status conferences that I wasn't (inaudible) that particular motion, and so your motion to dismiss is overruled." Tr. 6.

**{¶ 23}** Accordingly, by the court's own admission, it did not rule on McLeod's motion to suppress or set McLeod's trial at the court's earliest convenience; the court simply neglected the case and allowed it to linger. More specifically, McLeod was arrested on October 11, 2008. The trial court did not hear McLeod's case until more than four hundred days later. We find such a delay, without any further explanation by the court, per se unreasonable and constitutes a violation of the waiver of McLeod's speedy trial rights.

**{¶ 24}** Accordingly, finding merit to McLeod's third assignment of error, we vacate McLeod's convictions. See *State v. Benson* (1985), 29 Ohio App.3d 321, 505 N.E.2d 987; R.C. 2945.73.

**{¶ 25}** This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

Appendix

Assignments of Error:

"I.   The trial court erred in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution when it denied Mr. McLeod's motion to suppress because there was no reasonable suspicion to believe that Mr. McLeod had committed any traffic violation or was engaged in illegal activity at the time he was detained by the police."

"II.   Mr. McLeod was denied his constitutional right to appeal in violation of federal and state due process by the inadequacy of the record prepared in the instant case."

"III.   The trial court erred by not commencing trial in a timely fashion in violation of

R.C. 2945.71 the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution."