[Cite as *State v. Bracken*, 2017-Ohio-721.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 16AP-435 |
| | | (M.C. No. 2015TRC193153) |
| Cody D. Bracken, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 28, 2017

**On brief:** *Richard C. Pfeiffer, Jr.,* City Attorney, *Lara N. Baker,* City Prosecutor, and *Melanie R. Tobias,* for appellant. **Argued:** *Melanie R. Tobias.*

**On brief:** *Jack Moser Law Co., LPA,* and *Jack L. Moser, Jr.,* for appellee. **Argued:** *Jack L. Moser, Jr.*

APPEAL from the Franklin County Municipal Court

TYACK, P.J.

{¶ 1} The State of Ohio is appealing from the granting of a motion to suppress. It assigns a single error for our consideration:

> The trial court erred in suppressing the Defendant's breath-alcohol test results because the officer had probable cause to arrest Defendant for operating a vehicle while under the influence of alcohol.

{¶ 2} The State amplifies its view with its statement of the issue presented for review:

> When an individual is stopped in the early morning hours for speeding, emits a moderate odor of alcohol, displays bloodshot, glassy eyes, admits to consuming alcohol and fails three standardized field sobriety tests does the officer have

probable cause to arrest the individual for operating a vehicle
while under the influence of alcohol?

{¶ 3} In the early morning hours of December 6, 2015, Cody D. Bracken was clocked at a speed of 61 m.p.h. in a posted 45 m.p.h. zone and pulled over by Sergeant Jermaine Thaxton ("Sgt. Thaxton") of the Ohio State Highway Patrol.

{¶ 4} Sgt. Thaxton then approached Bracken's vehicle. Sgt. Thaxton felt that he noticed a moderate odor of alcohol coming from the vehicle. He viewed Bracken's eyes as being bloodshot and glassy. Sgt. Thaxton felt Bracken's face was flushed. Sgt. Thaxton acknowledged that he did not shine a light on Bracken's face to enable or increase his ability to make such observations.

{¶ 5} Bracken acknowledged that he had consumed two beers. Sgt. Thaxton had Bracken perform some field sobriety tests, the first of which was the horizontal gaze nystagmus test ("HGN"). Bracken was viewed as displaying six clues which indicated alcohol consumption. Sgt. Thaxton felt that Bracken had an odor of alcohol on his breath, but no more than a moderate odor. The video of the encounter does not enable us to evaluate how the HGN test was conducted or its results.

{¶ 6} The next test administered by Sgt. Thaxton was the walk-and-turn test. Sgt. Thaxton later testified that Bracken displayed five of the eight possible clues indicating alcohol consumption to an unacceptable level. Sgt. Thaxton viewed starting the walk-and-turn test before being told to start walking as an indication of being impaired.

{¶ 7} Another test administered was a test in which Bracken was requested to recite a portion of the alphabet. Bracken allegedly skipped a letter.

{¶ 8} The final test administered was a one-leg stand test. Sgt. Thaxton later testified that Bracken displayed three of four possible clues indicating an illegal blood alcohol level. The video of the interaction between Sgt. Thaxton and Bracken does not fully support Sgt. Thaxton's view.

{¶ 9} Bracken was arrested and charged with operating a motor vehicle while under the influence of alcohol ("OVI") and/or a drug of abuse.

{¶ 10} A judge in the Franklin County Municipal Court was assigned to the case. Defense counsel for Bracken filed a motion to suppress evidence.

{¶ 11} An evidentiary hearing was conducted on the motion at the conclusion of which the trial court judge granted the motion, heavily relying on the video of the encounter recorded by Sgt. Thaxton's cruiser camera which the judge felt was, in some particulars, inconsistent with Sgt. Thaxton's testimony.

{¶ 12}   The trial court found that Sgt. Thaxton had a reasonable basis for pulling Bracken's vehicle over based on the speed it was travelling.  The judge, however, found that the video of the field sobriety tests did not support arresting Bracken on a charge of OVI, in part, because the video could be viewed as contradicting Sgt. Thaxton's recollection of how Bracken performed.

{¶ 13} One of the factors considered by the trial court was the fact that Bracken displayed no erratic driving other than his speed.  Sgt. Thaxton testified, however, that speed is not considered to be an indication of operating a vehicle under the influence. Otherwise, the trial court failed to make findings.  We have reviewed the evidence, but our decision should not be construed to say the trial court is not required to make findings.

{¶ 14} We have the dash camera video before us in the appellate record.  We cannot disagree with the trial court's finding that probable cause to arrest is not demonstrated by the video.  Probable cause to arrest is to be based on the totality of the circumstances.

{¶ 15} Bracken had no trace of slurred speech.  He walked heel to toe with no noticeable impairment.  He apparently was marked down because he started a test sooner than the Sergeant wanted, but Bracken apparently started the test as soon as he understood what was being requested.  There is a serious question of whether or not he put his foot down during the one-leg stand.

{¶ 16} As a result of the foregoing, we cannot find that the trial court's findings was against the totality of the circumstances.  We, therefore, overrule the sole assignment of error.  We affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

BROWN and DORRIAN, JJ., concur.

DORRIAN, J., concurring.

{¶ 17} I concur with the majority but write separately to address the trial court's lack of essential findings of fact.

{¶ 18} " ' "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. (Citations omitted.)" ' " *Columbus v. Horton*, 10th Dist. No. 13AP-966, 2014-Ohio-4584, ¶ 11, quoting *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 100, quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372.

{¶ 19} In this case, the trial court made conclusions of law that there was reasonable suspicion to stop the vehicle, sufficient cause to request defendant-appellee, Cody D. Bracken, to exit the vehicle, but no probable cause for arrest. The trial court did not, however, as required by Crim.R. 12(F), in the transcript or the judgment entry, make any findings of fact to support the conclusions of law. Therefore, there are no findings of fact for this court to consider if they are supported by competent, credible evidence and no findings of fact to accept as true.

{¶ 20} Crim.R. 12(F) provides: "[w]here factual issues are involved in determining a motion, the court *shall* state its essential findings on the record." (Emphasis added.) This court has, on occasion, remanded trial court decisions where the trial court failed to document in the record its essential findings of fact supporting its conclusions of law. *See State v. Limoli*, 10th Dist. No. 11AP-924, 2012-Ohio-4502, ¶ 38-49.

{¶ 21} Nevertheless, disregarding the mandatory nature of Crim.R. 12(F), plaintiff-appellant, State of Ohio, argued that when a trial court fails to make factual findings, a reviewing court " 'must look directly to the record to determine "if there is sufficient evidence demonstrating that the trial court's decision was legally justified and supported by the record." ' " (State's Brief at 8, quoting *State v. Azcona*, 4th Dist. No. 97 CA 21 (Mar. 6, 1998).) In support of this argument, the state points to *Azcona* at ¶ 10 and 16, quoting *State v. Brown*,[1] 64 Ohio St.3d 476 (1992), syllabus. Bracken likewise argued it is

---

[1] The facts in the case before us differ from the facts in *Azcona* and *Brown*. In *Azcona* and *Brown*, the appellants-*defendants* appealed the trial court's *overruling* of their motions to suppress and dismiss, respectively. The court noted that the appellants-defendants did not make requests for findings of fact, and

not necessary to remand this case for the trial court to make findings of fact and suggested the trial court's essential findings are found in the trial court's statement that " '[b]ased on the video and the weather, the Court does not find that sufficient probable cause was evident for an arrest for the OVI.' " (Bracken's Brief at 20, quoting Tr. at 65.)

{¶ 22} As suggested by the state, with no counter-argument by Bracken, the majority looked directly to the record and examined the transcript and the video. The majority determined that it could not find the trial court's findings were against the totality of the circumstances. Although I would find the trial court was required to make findings of fact, I do not disagree with the majority's assessment of the record and its determination of the totality of the circumstances in this case. Therefore, I concur and would overrule the state's sole assignment of error.

---

therefore could not invoke Crim.R. 12(E) (now Crim.R. 12(F)). In the case before us, the appellant-*state* appealed the trial court's *granting* of the appellee-defendant's motion to suppress. Neither party requested findings of fact.